IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC LEE PRESLEY, JR.,

        Plaintiff,        Civil No. 05-612-CO

        v.        FINDINGS AND
                RECOMMENDATION
ERICK BERGSTROM, et al.,    and ORDER

        Defendants.

COONEY, Magistrate Judge.

    Plaintiff's Application to *proceed in forma pauperis* (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous. See 28 U.S.C. § 1915(d).

## BACKGROUND

    Plaintiff filed this action for "slander" under 42 U.S.C. § 1983. Plaintiff alleges: On 12/16/04 The Oregonian printed an article in which Eric Bergstrom stated that Eric Presley has 'killed' someone before. Eric Presley has never been

1 - FINDINGS AND RECOMMENDATION

convicted of a crime." Complaint (#2) p. 3.

Plaintiff further alleges: "... In the same article Ellen Rosenbloom says its 'unfortunate that she had to release due to a missing prosecution witness.'"

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989); <u>Jackson v. State of Ariz.</u>, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." <u>Neitzke</u>, 490 U.S. at 325; <u>Lopez v. Dept. of Health Services</u>, 939 F.2d 881, 882 (9th Cir. 1991); <u>Jackson</u>, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. <u>Lopez</u>, 939 F.2d at 883.

## DISCUSSION

I find that regardless of how liberally plaintiff's complaint is construed, it fails to state a claim.

Injury to reputation is not a protected liberty interest. <u>Seigert v. Gilley</u>, 500 U.S. 226 (1991). Therefore, defamation ("slander") is not actionable under 42 U.S.C. § 1983. <u>Paul v. Davis</u>, 424 U.S. 693 (1975).

2 - FINDINGS AND RECOMMENDATION

Moreover, Eric Bergstrom is alleged to be a "district attorney." Ellen Rosenbloom is alleged to be "circuit court judge." Both of these defendants are absolutely immune from liability to plaintiff. See, Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)[prosecutors]; Mireles v. Waco, 502 U.S. 9 (1991) [judges].

## CONCLUSION

Based on the foregoing, that plaintiff's complaint should be dismissed. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right

3 - FINDINGS AND RECOMMENDATION

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___ day of May, 2005.

_____S/_____
John P. Cooney
United States Magistrate Judge